GENERAL MOTORS ACCEPTANCE CORPORATION, RE-
SPONDENT, v. CAPITAL ASSOCIATES, INCORPORATED,
APPELLANT.

Submitted January 13, 1931—Decided January 20, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the appellant, *Bennett & Hanschke.*

For the respondent, *Green & Green.*

(421)

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action of replevin brought by the plaintiff to recover the possession of certain refrigeration equipment or the value thereof.

On December 14th, 1928, the North Jersey Electric Refrigeration Company entered into a conditional sales contract with the Homer Construction Company for the sale and installation of certain refrigeration equipment, the contract containing no indication of the location of the building in which this equipment was to be installed. Four days after it was entered into it was assigned by the North Jersey Electric Refrigeration Company to the General Motors Acceptance Corporation, the present plaintiff, and was filed with the register of deeds of Essex county on January 29th, 1929. On February 5th of that year the Capital Associates, Incorporated, the present defendant, purchased from the Homer Construction Company the property in which the refrigeration equipment had been installed by the plaintiff. At the time of the purchase this equipment had been affixed to the realty so as to become a part thereof, but was severable therefrom without material injury to the freehold. The conditional sales contract provided, among other things, that the title to the refrigeration equipment should not pass to the purchaser thereof until the total amount of the purchase price was fully paid in cash, and that, if the purchaser defaulted in the making of such payments, the seller might take immediate possession of the property without demand and might enter upon the premises where the equipment had been installed for the purpose of removing the same. Default was made in the payment of the contract price of the refrigeration equipment, and thereupon the plaintiff instituted the present action. The case was submitted to the Circuit Court judge, without a jury, on a stipulation of facts, and he found that the plaintiff was entitled to recover so much of the purchase price of the refrigeration equipment as remained unpaid. The defendant company has appealed from the judgment entered upon this finding.

The present suit is brought, not against the purchaser of

the refrigeration equipment under the conditional sales contract, but against a corporation to whom the property where the equipment was installed had been sold by the Homer Construction Company. The liability of the present defendant, therefore, to pay the plaintiff's claim or to deliver up the possession of the refrigeration equipment depends upon the construction of the seventh section of our Conditional Sales statute. *Pamph. L.* 1919, *ch.* 210. That section reads as follows, so far as it is pertinent to the present case: "If the goods are so affixed to the realty at the time of a conditional sale, or subsequently, as to become part thereof, but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sales contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty." In the present case, although the conditional sales contract was filed in the register's office before the purchase of the property where the refrigeration equipment had been installed, yet no statement signed by the seller briefly describing the realty to which the refrigeration equipment had been affixed was filed with the conditional sales contract or at any time thereafter. The contract itself, as had already been stated, furnished no information to an intending purchaser of the property where the equipment was to be installed, and it is admitted that the purchaser had no knowledge of the rights of the respective parties to the conditional sales contract except that which might be imputed to it by the filing thereof with the register of deeds. The provision of section 7 of the Conditional Sales act, to which reference has already been made, indicates that it was the intention of the legislature that the purchaser of property where the equipment had been affixed should hold the property free from any claim of the vendor of the refrigeration equipment

unless such purchaser received the information specified in the statute.

Not having received such information, we conclude that the finding of the trial court that the plaintiff was entitled to the possession of these fixtures, or to the value thereof, was erroneous, and that the judgment under review should be reversed.